JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-01893-RGK (DTBx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | **DEUTSCHE BANK NAT'L TRUST CO. v. GALINDO** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Re: Plaintiff's Motion for Remand (DE 8)**

## I.    FACTUAL BACKGROUND

Plaintiff Deutsche Bank National Trust Co. ("Plaintiff") sued Defendant Delia Galindo, in pro se, ("Defendant") in the Superior Court of California for the County of Riverside. The litigation is a limited civil case[1] for unlawful detainer and possession of real property located at 23730 Canyon Heights Drive, Quail Valley, California 92587 ("Property"). On October 21, 2010, the Property was sold to Plaintiff, as trustee, under power of sale contained in a Deed of Trust, executed by Defendant as trustor. (Compl. 2; Notice of Removal Ex. 5.) On November 13, 2010, Plaintiff served Defendant with a written notice to vacate and deliver possession of the Property to Plaintiff within three days. Defendant did not vacate the property within three days and, consequently, Plaintiff filed its Complaint for unlawful detainer on November 22, 2010. On December 6, 2010, Defendant filed a Notice of Removal with the Eastern Division of this District. On December 8, 2010, the case was reassigned to the Western Division. As a result of the Defendant's removal, the state court action has been stayed and Defendant remains in possession of the Property. On December 16, 2010, Plaintiff filed a Motion for Remand.

Plaintiff alleges that removal was improper under 28 U.S.C. § 1441 because this Court does not have original federal question jurisdiction under 28 U.S.C. § 1331 or original diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff argues that there is no ground for federal question jurisdiction because the Complaint only alleges a state law cause of action, unlawful detainer, and there is no ground for diversity jurisdiction because the Complaint specifically seeks less than $75,000.

---

[1]A "limited civil case" is an action brought in California court in which the demand for relief does not exceed $10,000. *See* CAL. GOV'T CODE § 70613(b); CAL. CIV. PROC. § 1161.2.

Presently before this Court is Plaintiff's Motion for Remand.

## II.    JUDICIAL STANDARD

In general, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Where federal question or diversity jurisdiction are established, a federal court would have had original jurisdiction and thus the action may be removed.

Federal courts have original federal question jurisdiction over cases "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.* It is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with a defense or counterclaim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 US 1, 14 (1983); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1987).

Federal courts have original diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different states." 28 U.S.C. § 1332. Conclusory allegations as to the amount in controversy are insufficient to establish diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–1091 (9th Cir. 2003).

The burden of demonstrating federal jurisdiction is upon the party seeking removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

## III.    DISCUSSION

In her notice of removal, Defendant contends that this Court has federal question jurisdiction because of her reliance on two federal statutes, or in the alternative, has diversity jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The Court disagrees.[2]

### A.    Plaintiff's Complaint Does Not Raise a Federal Question

The presence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's sole claim is unlawful detainer, a state law cause of action. (Compl. 1); CAL. CIV. PRO. § 1161(a). Defendant alleges in her "counter Petition," which the Court construes as a counterclaim, that Plaintiff has violated federal criminal statutes and seeks damages for Plaintiff's alleged failure to conduct a lawful foreclosure. (*See generally* Def's Notice of Removal.) The well-pleaded complaint rule does not allow counterclaims to serve as the basis for a district court's federal question jurisdiction. *Rivet*, 522 U.S. at 475.[3] As Defendant cannot identify a well-pleaded federal question presented on the face of Plaintiff's

---

[2]As an initial matter, the Court notes that when no opposition has been filed, the failure to file may be deemed consent to the granting of the motion. C.D. Cal. R. 7-12.

[3]Even if counterclaims could provide a basis for removal, there is no private right of action under the federal criminal statutes Defendant cites. *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

Complaint, Defendant has failed to demonstrate federal question jurisdiction over this action.

### B.      Plaintiff's Complaint Does Not Allege an Amount in Controversy in Excess of $75,000

One of the requirements of diversity jurisdiction is that the amount in controversy be in excess of $75,000. In determining whether a challenged jurisdictional amount has been met, district courts assess only the allegations in the complaint. *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Thus, the amount in controversy is determined without regard to any counterclaim to which the defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626 (2d Cir. 1993).

Plaintiff's claim does not demand an amount in excess of the jurisdictional minimum and Defendant improperly contends federal jurisdiction has been satisfied through a counterclaim. The Complaint claims an amount that "does not exceed $10,000." (Compl. 1.) However, Defendant argues that "the $75,000 amount-in-controversy requirement . . . is satisfied because Defendant's counter Petition seeks damages in the amount of . . . $1,000,000." (Notice of Removal 6.) As discussed above, the amount sought by Defendant's counterclaim is irrelevant. Defendant offers no evidence to rebut Plaintiff's allegation that less than $10,000 is sought. Therefore, the amount in controversy requirement has not been met; the Court does not possess diversity jurisdiction over the cause of action.

### C.      Defendant Has Not Met Her Burden of Establishing Federal Jurisdiction

Defendant has failed to demonstrate the Court has federal question or diversity jurisdiction over Plaintiff's Complaints. Defendant has failed to show that the Court has original jurisdiction over this action, removal is improper.

## IV.      CONCLUSION

In light of the foregoing Plaintiff's Motion for Remand is **GRANTED**.

**IT IS SO ORDERED.**

_____  :  _____

Initials of          slw
Preparer

_____